IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

JAY FOLSE,

    Plaintiff,

v.

CIVIL ACTION NO.: 5:24-cv-21

JOHN McCUSKEY JR., in his official and individual capacities,

G. RUSSELL ROLLYSON JR., in his official and individual capacities,

MICHELLE JONES,

    Defendants.

FILED
FEB - 1 2024
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

## COMPLAINT

Plaintiff Jay Folse hereby sues John McCuskey Jr., G. Russell Rollyson Jr., and Michelle Jones. The cause of action stems from the sale of the Plaintiff's property at a tax sale without any notice given to the Plaintiff in violation of the Due Process Clause of the Fourteenth Amendment.

## PARTIES

1. Defendant John McCuskey Jr. is an elected official with the title State Auditor of West Virginia. He is actively involved in creating, maintaining, and implementing the policies and procedures which led to the Plaintiff not receiving any notice or due process of his right to redeem the property from the tax sale. This Defendant acted at all times under the color of law and is a "person" under 42 USC § 1983.

2. Defendant G. Russell Rollyson Jr. is employed by the West Virginia State Auditor's office. He is actively involved in creating, maintaining, and implementing the policies and procedures which led to the Plaintiff not receiving any notice or due process of his right to

1

redeem the property from the tax sale. This Defendant acted at all times under the color of law and is a "person" under 42 USC § 1983.

3. Defendant Michelle Jones is a resident of the State of West Virginia. Jones is the tax lien purchaser of the subject house. She acted in conjunction with the other Defendants to violate the Plaintiff's constitutional rights and is therefore liable under § 1983.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 USC §§ 1983, 1988, the Fourteenth Amendment to the United States Constitution, and state law.

5. The Court has subject matter jurisdiction under 28 USC §§ 1331, 1343, 1367, 2201, and 2202.

6. Venue is proper in this District pursuant to 28 USC § 1391. Defendants are residents of the State of West Virginia. Defendant Michelle Jones resides in this District.

7. A substantial part of the events giving rise to the claims in this action occurred in this District.

8. Additionally, the subject property is located in this district which establishes *in rem* jurisdiction.

## FACTS

9. The Plaintiff, Jay Folse, during the time leading up to the tax sale, was the owner of a property with a legal description of "FINK 2 N PT 35" located at 430 S. Penn St. Wheeling, WV and on Map W50 Parcel 168. Herein after, referred to as the subject property.

10. On March 13, 2023, the tax lien for the subject property was sold to Michelle Jones.

11. Michelle Jones purchased that tax lien for the paltry sum of $50.

12. Jones then directed Rollyson to notify individuals other than Folse of the right to redeem the property from the tax sale.

13. The individuals notified had no legal interest in the property.

14. Defendants Rollyson and McCuskey had actual knowledge of the Folse's ownership of the property through communication from the Plaintiff and litigation concerning the subject property.

15. Despite this knowledge, no attempts were made to notify Folse of his right to redeem the property.

16. Folse previously purchased the subject property at the tax sale himself.

17. Folse spent $1,800 to purchase the tax lien.

18. Folse then made the required reasonably diligent effort to notify the previous owners of the property.

19. Despite this, Rollyson refused to issue the tax deed.

20. Folse then obtained separate quit claim deeds from the two previous owners of the property.

21. Folse filed an action in the Ohio County Circuit Court to compel issuance of the tax deed to the subject house.

22. That lawsuit was dismissed for failure to state a claim based on the Court's mistaken belief that the law requires actual notice on interested parties.

23. Folse then appealed that case to the West Virginia Supreme Court of Appeals but was unsuccessful for reasons which cannot be ascertained from the opinion.

24. Subsequently, on December 11, 2023, Rollyson signed the tax deed for the subject property which purports to grant the property to Michelle Jones.

25. That tax deed took title of the Folse's property without any notice to the Plaintiff in what is clearly an unconstitutional act and more specifically in violation of the Due Process Clause of the Fourteenth Amendment.

26. Around the same time Jones purchased the tax lien, Jones broke into the subject property owned by Folse.

27. Jones then placed a Pitbull inside the house so that she could sell drugs from the subject property along with her boyfriend, Clark Butler.

28. Clark Butler has been convicted of drug dealing, breaking into houses, theft, attempted murder, and other crimes.

29. Folse had the Pitbull removed from the house by animal control and secured the property.

30. When Folse entered the house after the Pitbull was removed, he observed extensive damage and dangerous conditions in the house caused by Jones and her Pitbull.

31. When Folse discovered the break-in, Jones then filed a fraudulent deed in order to make her presence in the house appear legitimate.

32. The fraudulent deed purports to transfer the property from "the trust titled Wilbur Cummings Estate" to Michelle Jones and Clark Butler.

33. Upon information and belief, there is no such trust.

34. Even if said trust existed, full title to the property was vested to Folse by the previous owners and therefore the fraudulent deed would not convey any title.

## COUNT I

### Violations of the Fourteenth Amendment Cognizable Under 42 USC §1983

35. The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 34 of this complaint, as if fully stated herein.

36. To establish a viable claim that substantive due process has been denied by the Defendants, Plaintiff must set forth (1) a cognizable property interest, rooted in state law; and (2) an arbitrary and capricious deprivation of that right. See *Scott v. Greenville County*, 716 F.2d 1409, 1418 (4th Cir. 1983)

37. The Plaintiff had such a property interest as the owner and was deprived in an arbitrary and capricious manner with no notice or due process of his right to redeem from the tax sale.

38. The Defendants acted in concert and individually in violation of the Plaintiff's constitutional rights.

39. Specifically, they acted in violation of the due process clause of the Fourteenth Amendment by not issuing the notices to redeem and then preparing, executing, and recording the tax deed for the subject property.

40. Qualified immunity is not an applicable defense in this case as there exists clear and well-established law that notice must be given to those who have a legal interest in the property of an impending tax sale and as it applies to this case, the notice to redeem.

41. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)

42. In this case, there was no notice given of the impending tax sale or notice to redeem.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

A. Damages against all Defendants on all counts including but not limited to compensatory, nominal, punitive, statutory, actual, and economic damages as determined by a Jury up to the applicable insurance limits.

B. Declaratory relief to declare that the tax deed to the subject property is void *ab initio*.

C. Reasonable attorney fees which may be incurred, and all other costs and fees associated with this action.

D. Any other relief the court may deem proper.

E. A **trial by Jury** on all issues so triable.

*/s/ Jay Nolze*

4601 Concord Pike
Box #1275
Wilmington, DE 19803
(540)-847-2213
Jayman1233@gmail.com