IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JAY FOLSE**,

        Plaintiff,

v.

**JOHN McCUSKEY, JR.**, in his official
and individual capacities, **G. RUSSELL
ROLLYSON, JR.**, in his official and
individual capacities, and **MICHELLE
JONES**,

        Defendants.

**Civil Action No.: 5:24-CV-21**
Judge Bailey

## ORDER DISMISSING CASE

Pending before this Court are Plaintiff's Application for Temporary Restraining Order [Doc. 2] and Defendants John McCuskey Jr. and G. Russell Rollyson Jr.'s Motion to Dismiss [Doc. 19].[1]

On February 1, 2024, Plaintiff Jay Folse, *pro se*, filed his Complaint in the United States District Court for the Northern District of West Virginia. Plaintiff initiated this lawsuit claiming that the named defendants, in concert, took his property under color of state law, in violation of the notice requirements of the due process clause, and in violation of West Virginia State law. Plaintiff's claims against the defendants stem from their alleged refusal to issue a tax deed to plaintiff and their subsequent failure to give notice to him of the

---

[1] Defendant Michelle Jones filed a Response [Doc. 23] to plaintiff's Application for Temporary Restraining Order on March 18, 2024, seeking that "Mr. Folse be prevented from any future harassment to [her] or [her] family and that includes [her] Dogs and kids."

1

pending tax sale of the same. However, defendant Jones is the record owner of the property at issue, through the valid purchase of the subject property at a tax sale conducted by the Sheriff of Ohio County, Tom Howard, and as such is the rightful owner of the property at issue.

On November 16, 2020, the plaintiff purchased a tax lien identified as Certification Number 355853, described as FINK 2 N PT 35, WHEELING CITY CORP District. However, no deed was ever executed, recorded, or perfected naming Mr. Folse as the legal owner of the property. The plaintiff previously litigated this issue in the Circuit Court of Ohio County, in which he claimed that the defendants refused to perform their statutory duties. As found by the Circuit Court and affirmed by the West Virginia Supreme Court of Appeals, Mr. Folse failed to fulfill his requirements as a purchaser and therefore lost all the benefits of his attempted purchase of the property.

On September 13, 2021, plaintiff filed a petition in the Circuit Court of Ohio County, seeking an order compelling the West Virginia State Auditor to issue the tax deed and notice of right to redeem multiple properties, including the property at issue in this case. The Auditor filed a motion to dismiss and by Order entered on January 19, 2022, the Circuit Court dismissed plaintiff's claims. The Circuit Court found that "there was no evidence that [McCuskey or Rollyson] refused to perform any statutory duty required by them," the Court went on to further state that the dismissal of plaintiff's claims with prejudice was "factually and legally appropriate." Plaintiff subsequently appealed the Circuit Court's decision to the West Virginia Supreme Court, which by decision issued June 13, 2023, affirmed the lower court. **Folse v. Rollyson**, 2023 WL 3963835 (June 13, 2023). In the Supreme Court's opinion, the Court noted that:

2

On November 16, 2020, petitioner purchased a tax lien and identified Tracey Cummings as the owner of that property. Unsuccessful attempts at personal service were made, and a notice of right to redeem was posted at the address provided by petitioner. In August 2021, Respondent McCuskey directed petitioner to provide a correct address to effectuate proper service of the notice of right to redeem, informing petitioner that the Auditor's office "cannot grant a deed with the knowledge that notice failed and no additional efforts were taken." However, no substitute address was provided.

**Folse v. Rollyson**, at *1.

This Court is barred from hearing this case based upon the **Rooker- Feldman** doctrine. **Rooker v. Fidelity Trust Co.**, 263 U.S. 413, 415–16 (1923); **Dist. of Columbia Ct. App. v. Feldman**, 460 U.S. 462, 482–86 (1983).

The United States Court of Appeals for the Fourth Circuit has explained:

In **Feldman**, 460 U.S. at 462, the Supreme Court considered whether the district court had subject matter jurisdiction to review a final decision by the District of Columbia Court of Appeals denying an applicant admission to the state bar. The Court held that the district court lacked jurisdiction to review the state court's allegedly unconstitutional denial of an applicant's admission because the state-court action was judicial in nature and final state-court judgments may only be reviewed by the Supreme Court itself. See **Feldman**, 460 U.S. at 482; 28 U.S.C. § 1257. **Feldman** made clear that this rule applied also to constitutional claims that "are inextricably intertwined with

> the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar...." ***Feldman***, 460 U.S. at 482–84 n. 16. See also ***Czura v. Supreme Court***, 813 F.2d 644, 646 (4th Cir.1987). The ***Feldman*** Court also indicated that "by failing to raise his claims in state court, a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court." ***Feldman***, 460 U.S. at 484 n. 16.

***Allstate Ins. Co. v. W. Virginia State Bar***, 233 F.3d 813, 816 (4th Cir. 2000).

Even if the ***Rooker-Feldman*** doctrine were not applicable, Mr. Folse's claims would be barred by the doctrine of *res judicata*. *Res judicata* bars the litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. ***Brown v. Felson***, 442 U.S. 127, 131 (1979); ***Meekins v. United Transp. Union***, 946 F.2d 1054 (4th Cir. 1991). The preclusive effect of a prior judgment extends beyond claims or defenses presented in previous litigation: "Not only does res judicata bar claims that were raised and fully litigated, it 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" ***Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.***, 892 F.2d 355, 359 (4th Cir.1989) (quoting ***Brown***, 442 U.S. at 131).

For the reasons stated above, Defendants John McCuskey Jr. and G. Russell Rollyson Jr.'s Motion to Dismiss [**Doc. 19**] is **GRANTED**. Plaintiff's Application for Temporary Restraining Order [**Doc. 2**] is **DENIED AS MOOT**.

The Clerk is **DIRECTED TO STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: March 26, 2024.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**